### STEPHEN UTLEY *vs.* SAMUEL F. MERRICK, Jr.

A conviction of the offence of obtaining goods by false pretences does not render the party an incompetent witness; nor can the record of such conviction be given in evidence for the purpose of affecting his credibility.

TRESPASS for breaking and entering the plaintiff's close. At the trial in the court of common pleas, before *Washburn,* J. the plaintiff, to prove his possession of the *locus in quo,* called a witness, who was objected to on the ground that he had been adjudged guilty and sentenced in said court, upon an indictment, on the Rev. Sts. *c.* 126, § 32, for obtaining goods by false pretences. This objection was overruled, and the witness admitted to testify. The defendant then offered in evidence the record of the said judgment against the witness, as affecting his credibility; but it was excluded. A verdict was found for the plaintiff, and the defendant filed exceptions

*R. A. Chapman,* for the defendant.

*H. Morris,* for the plaintiff.

WILDE, J. In this case, two questions are raised by the exceptions. The first is, whether the witness, offered by the plaintiff, was rightly admitted to testify. The objection was, that he had been adjudged guilty and was sentenced, in the court of common pleas, for obtaining goods by false pretences. This objection was overruled, and the witness was admitted to testify. The defendant then offered in evidence the record of the judgment on the indictment, for the purpose of affecting the credibility of the witness; but this evidence was rejected. To both rulings the defendant excepted.

To render a witness incompetent by his having been convicted of a crime, the crime must be such as to render him infamous, and therefore unworthy of credit for truth. What crimes will render a witness thus infamous it may be difficult in some cases to decide. It is well settled, however, that a conviction of treason, felony, or the *crimen falsi,* renders a witness incompetent. But what crimes are to be considered as designated by the term *crimen falsi* is not so well settled.

" In the Roman law," as Professor Greenleaf remarks, " from which we have borrowed the term, it included not only forgery, but every species of fraud and deceit." " But it is clear," he says, " that the common law has not employed the term in this extensive sense, when applying it to the disqualification of witnesses." 1 Greenl. on Ev. § 373. These remarks, we think, are correct, and they are fully supported by the authorities cited to sustain them. And we are also of opinion, that the deduction, which Mr. Greenleaf makes from these authorities, is well founded. " From these decisions," he remarks, " it may be deduced, that the *crimen falsi* of the common law not only involves the charge of falsehood, but is also one which may injuriously affect the administration of justice, by the introduction of falsehood and fraud." We also find in 2 Steph. N. P. 1721, 1722, an enumeration of many offences, conviction of which renders a witness incompetent, and some which do not. But in none of these cases, nor in any which we have noticed, do we find any decision as to the offence of which the witness in this case had been convicted. And on principle we cannot think the offence of obtaining goods by false pretences is of so grave and aggravated a character, as to render a witness unworthy of belief in a court of justice. This was no offence at common law, and was but recently made such in this Commonwealth, by *St.* 1815, *c.* 136, which is strong proof that it has not been considered as such an atrocious misdemeanor as to render a person convicted of it totally unworthy of belief.

The publishing of a malicious libel is an atrocious offence, and is punishable in England by standing in the pillory. Yet a person convicted of that offence, and so punished, has been adjudged to be a competent witness. *Chater* v. *Hawkins*, 3 Lev. 426. So a conviction of bigamy has been held not to destroy the competency of a witness. Bul. N. P. (7th ed.) 292, *note* (*d.*) In the case of *Ville De Varsovie*, 2 Dodson, 174, Sir William Scott, sitting in the high court of admiralty, received the testimony of a person who had been convicted of a conspiracy to defraud; there being no decision,

in the courts of common law, that such person was an incompetent witness. And, afterwards, in *Crowther* v. *Hopwood*, 3 Stark. R. 21, Abbott, C. J. admitted such a person's testimony, on a trial at common law.

The remaining question is, whether the record of the conviction and sentence of the witness ought to have been admitted to impeach his credit. And we are of opinion it ought not. The only case cited in support of this exception is the case of *Commonwealth* v. *Green*, 17 Mass. 515. But in that case the witness had been convicted of a felony, which would have rendered him incompetent, if the conviction had been in this Commonwealth. In the present case, the witness was only convicted of a misdemeanor, which does not disqualify him to testify, and ought not to be admitted to impeach his credit, any more than the conviction of any other misdemeanor. This conviction is evidence of only a single falsehood, which, however proved, has never been held to be admissible evidence to impeach a witness's character for truth. Nothing short of habitual disregard of truth, and repeated instances of falsehood, so as to impair a witness's general character, is competent evidence for this purpose.

*Exceptions overruled.*